UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JOE HOUSTON, Individually,

        Plaintiff,

vs.

                                          Case No.

CATENO MANCUSO, as Trustee of the
Cateno Mancuso Revocable Trust Dated
January 13, 2014,

        Defendant.

_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, JOE HOUSTON, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, CATENO MANCUSO, as Trustee of the Cateno Mancuso Revocable Trust Dated January 13, 2014, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Joe Houston, is an individual residing in Pompano Beach, FL, in the County of Broward.

2. Defendant's property, a Shopping Center, is located at 230 S. Cypress Rd., Pompano Beach, FL 33060, in the County of Broward.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and the Defendant does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Joe Houston, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Houston is a quadriplegic and uses a wheelchair to ambulate.

6. Mr. Houston visited the subject shopping center many times, the last time being on July 10, 2021. Mr. Houston definitely intends to return to the shopping center in the near future, and on a regular basis as a bona fide purchaser; to shop and eat there, and he will also return to confirm that the property is brought into compliance with the ADA.

7. Mr. Houston has encountered architectural barriers at the subject property. The barriers to access at the subject property have endangered his safety.

8. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as a Shopping Center, and is located at 230 S. Cypress Rd., Pompano Beach, FL 33060.

9. Joe Houston has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Shopping Center has shown that violations exist. These violations, that Joe Houston has personally encountered or observed include, but are not limited to:

### Parking and Exterior Accessible Route

A. Accessible parking and Access Aisle are located on a slope > 8%, which creates an unstable condition for Mr. Houston.

B. While using his wheelchair, there is no compliant accessible route to enter the building, preventing Mr. Houston's safe unloading from vehicles and accessing facilities, violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards, which solution is readily achievable.

C. Accessible parking spaces at the plaza are improperly marked preventing Mr. Houston's safe unloading in the space from his van, violating 2010 ADAS Section 502.

D. Parking identification signage is improperly located preventing Mr. Houston finding the space from his van. It is obstructed by overhangs violating 2010 ADAS Section 502.

### Entrance Access and Path of Travel

A. Cross slopes, changes of level and improper walks impede Mr. Houston's path of travel to enter and travel between interior tenant areas, violating the ADAAG and 2010 ADAS Sections 303, 304, 402 and 403, which solution is readily achievable.

B. Cross slopes, changes of level and improper walks impede Mr. Houston's path of travel to enter tenant areas from sidewalks and public transit, violating the ADAAG and 2010 ADAS Sections 303, 304, 402 and 403, which solution is readily achievable.

C. Slopes on walks and improper door hardware impede Mr. Houston's entry to tenant areas, violating the ADAAG and 2010 ADAS Section 404, which solution is readily achievable.

### Access to Goods and Services

A.  Defendant fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities, violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

B.  Check-out and dining surfaces at La Bella Cafe are inaccessible to Plaintiff. Excessive height and toe obstructions, which violate various ADAAG and 2010 ADAS requirements.

### Access to La Bella Cafe Restroom

A.  Mr. Houston could not enter the restroom without assistance. The door lacks proper hardware and maneuvering space, violating the ADAAG and 2010 ADAS Section 404.

B.  Grab bars in the La Bella Cafe restroom are mounted improperly. The rear grab bar is mounted less than 1.5 inches above the water closet and the side grab bar fails to extend 54" from the rear wall, in violation of the ADAAG Section 4.16 and 2010 ADAS Section 604.

C.  Menu boards stored in the restroom within the required clear floor space for the water closet which prevents Mr. Houston from safely transferring, in violation of the ADAAG and 2010 ADAS Section 604.

D.  Mr. Houston could not use the toilet paper dispenser which is not mounted and the mirror which is inaccessible > 40" AFF to the reflecting surface, violating Sections 4.16 and 4.19 of the ADAAG as well as 2010 ADAS Sections 603 and 604.

### Maintenance

A.  The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.

12. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

13. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of

4

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

16. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Shopping Center to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

e. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

John P. Fuller, Esq. (FL Bar No. 0276847)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

Counsel for Plaintiff Joe Houston